Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiff
Raul Ronquillo

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL RONQUILLO | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS UNDER 18 U.S.C. § 1983** |
| v. | |
| KERN COUNTY, KERN COUNTY SHERIFF'S DEPARTMENT, KERN COUNTY SHERIFF DONNY YOUNGBLOUD, in his individual and official capacity, DEPUTY GILBERTO VALLADOLID, in his individual and official capacity, DEPUTY RYAN BROCK, in his individual and official capacity, DEPUTY RALPH LOMAS, in his individual and official capacity, | **DEMAND FOR JURY TRIAL** |
| and DOES 1 TO 10, | |
| Defendants. | |

## PLAINTIFF RAUL RONQUILLO ALLEGES AS FOLLOWS

This is a complaint for damages based upon federal civil rights violations committed by defendants Kern County, the Kern County Sheriff's Department (also referred to as "KCSD"), Kern County Sheriff Donny Youngblood, Deputy Gilberto Valladolid Deputy Ryan Brock, Deputy Ralph Lomas, and Does 1-10, unnamed

1

officials employees, and/or agents of Kern County.

**JURISDICTION AND VENUE**

1.      This case arises under 42 U.S.C. § 1983. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2.      Plaintiff's claims arise out of a course of conduct involving officials for Kern County, State of California, and within this judicial district. Venue is proper in this district under 28 U.S.C. § 1391(b), as this is the district in which the events or omissions giving rise to the claims occurred.

**PARTIES**

3.      Plaintiff Raul Ronquillo is an adult man competent to sue. At all relevant time, Plaintiff Ronquillo resided in Kern County, and he was also under the control of the Kern County Sheriff's Department, in Kern County.

4.      Defendant Kern County ("County") is a legal and political entity established under the laws of the State of California, with all of the powers specified and necessarily implied by the Constitution and the laws of the State of California and exercised by various government agents and officers. In this case, the County acted through its agents, employees, and servants, including the policymakers for defendant the Kern County Sheriff's Department ("KCSD"), and through defendant Donny Youngblood ("Youngblood"), the Kern County Sheriff. Defendant Youngblood is sued in both his official and individual capacities.

5.      At all relevant times, Defendants County, KCSD, Youngblood and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the KCSD, including those individuals charged with protecting the health and safety of criminal suspects and members of the public that come into contact KCSD deputies, including Plaintiff, and to assure that said actions, policies, rules, regulations, customs, practices and procedures of the KCSD and its employees and agents complied with the laws and

2

constitutions of the United States. At all relevant times, the County was the employer of each of the individually named defendants.

6.      Defendant Deputy Gilberto Valladolid, #202423 ("Deputy Valladolid") is a deputy sheriff for the KCSD. At all relevant times, Deputy Valladolid was a duly authorized employee and agent of Kern County, subject to oversight and supervision by the County's elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as a sheriff deputy for the KCSD and with complete authority and ratification of the principal, County. In committing the acts alleged herein, Deputy Valladolid acted within the scope of his respective employment and under color of law. Deputy Valladolid sued in both his official and individual capacities.

7.      Defendant Deputy Ryan Brock, # 201765, ("Deputy Brock") is a deputy sheriff for the KCSD. At all relevant times, Deputy Brock was a duly authorized employee and agent of Kern County, subject to oversight and supervision by the County's elected and non-elected officials, and was acting under color of law and within the course and scope of her duties as a sheriff deputy for the KCSD and with complete authority and ratification of the principal, County. In committing the acts alleged herein, Deputy Brock acted within the scope of his respective employment and under color of law. Deputy Brock is sued in both his official and individual capacities.

8.      Defendant Deputy Ralph Lomas, #202112 ("Deputy Lomas") is a deputy sheriff for the KCSD. At all relevant times, Deputy Lomas was a duly authorized employee and agent of Kern County, subject to oversight and supervision by the County's elected and non-elected officials, and was acting under color of law and within the course and scope of his duties as a sheriff deputy for the KCSD and with complete authority and ratification of the principal, County. In committing the acts alleged herein, Deputy Lomas acted within the scope of his respective employment and under color of law. Deputy Lomas is sued in both his official and individual capacities.

9.      The true names of defendants Does 1 through 10 are presently unknown

to Plaintiff, who therefore sues each of these defendants by such fictitious names; but upon ascertaining the true identity of a defendant Doe, Plaintiff will amend this complaint or seek leave to do so by inserting the true and correct name in lieu of the fictitious name. Plaintiff is informed and believes, and on the basis of such information and belief alleges that each defendant Doe herein is in some manner responsible for the injuries and damages alleged herein. Each individually named Doe defendant, like each individually named defendant, acted under color of law and within the scope of his or her agency and employment with the County and KCSD. Each Doe is sued in both his/her official and individual capacities.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10.    Plaintiff Raul Ronquillo repeats and re-alleges each and every allegation in paragraphs 1 through 19 of this complaint with the same force and effect as if fully set forth herein.

11.    Plaintiff was born in the United States and has lived in Kern County for years. Plaintiff is a veteran, having served in the National Guard from the late 1970s until around 1986.

12.    On May 22, 2016, Plaintiff was residing in his home in Bakersfield, California. Present with Plaintiff was his common-law wife and her adult daughter. That evening, Deputy Valladolid and Deputy Brock entered Plaintiff's home without a warrant and without probable cause. Deputy Valladolid and Deputy Brock pushed Plaintiff, causing him to fall onto his couch. Plaintiff told the officers that he had done nothing wrong and complained about their treatment of him. In response to Plaintiff's verbal complaints, while Plaintiff was prone on the couch, Deputy Valladolid and Deputy Brock grabbed him by his legs and arms and pulled him off the couch. In doing so, Deputy Valladolid and Deputy Brock caused Plaintiff to hit his head on the floor and greatly injured Plaintiff's back. During this time Plaintiff complained that he was in pain and his family members yelled for the officers to stop and that Plaintiff had just had surgery. Nonetheless, Deputy Valladolid and Deputy Brock did not stop

4

1 | hurting Plaintiff.

2 |      13.    While Plaintiff was on his stomach in his living room, Deputy Valladolid

3 | and Deputy Brock slammed a knee into Plaintiff's back, then picked him up and caused

4 | Plaintiff to hit his head on the wall, forcing Plaintiff's head and neck to twist and hit up

5 | against the wall. Deputy Valladolid and Deputy Brock continued to strike Plaintiff. As

6 | this was going on, Plaintiff complained of the pain he experienced, while the adult

7 | daughter of Plaintiff's wife yelled to Deputy Valladolid and Deputy Brock that Plaintiff

8 | had just had surgery. Nevertheless, Deputy Valladolid and Deputy Brock continued to

9 | hit Plaintiff, and he slumped to the ground in a fetal position while Deputy Valladolid

10 | and Deputy Brock continued to strike and assault Plaintiff.

11 |      14.    Other officers, Deputy Lomas and Does #1-2 later entered the home,

12 | also without a warrant and without probable cause, and finding their fellow officers

13 | striking Plaintiff, did not stop or prevent Deputy Valladolid and Deputy Brock from

14 | striking Plaintiff, but instead, began striking and assaulting Plaintiff as well. The officers

15 | told Plaintiff to stop resisting, but Plaintiff was not resisting whatsoever, and told the

16 | officers as much.

17 |      15.    At some point, Deputy Valladolid and Deputy Brock stopped hitting

18 | Plaintiff and searched him for weapons, but found that he was completely unarmed.

19 | Shortly thereafter, Deputy Lomas handcuffed Plaintiff, and the officers transported

20 | Plaintiff to a squad car parked outside the home.

21 |      16.    As a result of the actions of Deputy Valladolid, Deputy Brock, Deputy

22 | Lomas, and Does 1 and 2 Plaintiff suffered serious pain and injury, including but not

23 | limited to his back, neck, arm, head and face. As his family had explained, he had

24 | recently undergone surgery and the violence brought upon by Deputy Valladolid,

25 | Deputy Brock, Deputy Lomas, Doe 1 and Doe 2 greatly exacerbated the pain and

26 | greatly compounded the injury.

27 |      17.    Although he suffered great violence himself, Plaintiff was arrested for

28 | resisting arrest. Plaintiff was later charged with resisting arrest, but those charges were

1 eventually dismissed.

2      18.     If Deputy Valladolid, Deputy Brock, Deputy Lomas, and Does 1 and 2

3 had been adequately trained and supervised prior to the physical abuse of Plaintiff, and

4 if they had been timely punished as a result of prior incidents of physical abuse of other

5 arrestees and suspects, then the physical abuse of the Plaintiff in this case could have

6 been averted.

7                                             **DAMAGES**

8      19.     As a direct and proximate result of aforesaid acts and omissions, and the

9 customs, practices, policies and decisions of the defendants alleged in this complaint,

10 Plaintiff suffered and will continue to suffer great emotional, mental and physical pain

11 and injuries, anguish, fright, nervousness, anxiety, shock, humiliation, indignity,

12 embarrassment, harm to reputation, and apprehension, which have caused and will

13 continue to cause Plaintiff to sustain general damages in a sum to be determined at

14 trial.

15      20.     As a direct and proximate result of the aforesaid acts, omissions, customs,

16 practices, policies and decisions of the aforementioned defendants, Plaintiff suffered

17 the denial of fundamental constitutional rights guaranteed by the First, Fourth, Eighth

18 and Fourteenth Amendments of the United States Constitution, which have caused

19 Plaintiff to sustain damages in a sum to be determined at trial.

20      21.     As a further direct and proximate result of the aforesaid acts, omissions,

21 customs, practices, policies and decisions of the aforementioned defendants, Plaintiff

22 incurred and will continue to incur medical expenses, most especially for his seriously

23 injured back.

24      22.     As a further direct and proximate result of the aforesaid acts, omissions,

25 customs, practices, policies and decisions of the aforementioned defendants, Plaintiff

26 suffered past and future losses of income that have caused him to sustain economic

27 damages in a sum to be determined at trial, as well as loss of use of his motor home.

28      23.     Deputy Valladolid, Deputy Brock, Deputy Lomas, and individual Doe

defendants, excluding defendants County and KCSD, acted in a manner that was willful, wanton, malicious and oppressive, with reckless disregard of or in deliberate indifference to and with the intent to deprive Plaintiff of his constitutional rights, and did in fact violate the aforementioned rights, entitling Plaintiff to exemplary and punitive damages in an amount to be proven at the trial in this matter.

**FIRST CLAIM FOR RELIEF**

**Violation of Civil Rights – 42 U.S.C. § 1983**

*(First Amendment – Against All Defendants)*

24.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

25.     At all relevant times, Plaintiff was under the physical control of KCSD deputies, including Deputy Valladolid, Deputy Brock, Deputy Lomas, and Does 1 and 2 (also referred to as "the individual defendants").

26.     The entity defendants, individual defendants, and Doe defendants, while acting under color of law, deprived Plaintiff of his civil rights under the First Amendment by acting and/or allowing each other to act in a threatening or violent manner and otherwise engaging in conduct that inhibited Plaintiff's freedom of speech and right to petition for redress of grievances and to complain about his treatment while in custody, and that such actions undertaken by defendants would chill a person of ordinary firmness from continuing to engage in freedom of speech.

27.     The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power that shock the conscience. They are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

28.     The conduct of individual defendants, and Doe defendants was willful,

7

wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff.

29.   Plaintiff specifically alleges that Defendants' complained of acts and/or omissions were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injuries complained of herein by Plaintiff.

30.   As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiff suffered extreme and severe mental anguish, and was injured as alleged above, entitling him to recover compensatory and punitive damages (except as to the entity defendants) according to proof.

**SECOND CLAIM FOR RELIEF**

**Violation of Civil Rights – 42 U.S.C. § 1983**

(Fourth Amendment– Against Deputy Valladolid, Deputy Brock,

Deputy Lomas, and Does 1 and 2)

31.   Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

32.   At all relevant times, Plaintiff was under the physical control of KCSD deputies, including Deputy Valladolid, Deputy Brock, Deputy Lomas, and Does 1 and 2. At all relevant times, Plaintiff was inside his home and the individual officers did not enter with a warrant or probable cause.

33.   At all relevant times, Deputy Valladolid, Deputy Brock, Deputy Lomas, and Does 1 and 2, while acting under color of law, physically abused Plaintiff and engaged in the conduct described above, and thereby deprived Plaintiff of his civil rights under the Fourth Amendment to the United States Constitution.

34.   The force used by Deputy Valladolid, Deputy Brock, Deputy Lomas, and Does 1 and 2 upon Plaintiff, in particular, by forcing Plaintiff to the ground, kneeing him in the back, twisting his neck, and repeatedly striking him throughout his body while he did not resist the officers was harmful, unwanted, and excessive.

35.     The conduct of Deputy Valladolid, Deputy Brock, Deputy Lomas, and Does 1 and 2 was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages.

36.     As a result of the conduct of Deputy Valladolid, Deputy Brock, Deputy Lomas, and Does 1 and 2, Plaintiff was harmed.

## THIRD CLAIM FOR RELIEF

### Violation of Civil Rights – 42 U.S.C. § 1983

(Fourteenth Amendment –Against Deputy Foster)

37.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

38.     At all relevant times, Plaintiff was under the physical control of KCSD deputies, including Deputy Valladolid, Deputy Brock, Deputy Lomas, and Does 1 and 2.

39.      At all relevant times, Deputy Valladolid, Deputy Brock, Deputy Lomas, and Does 1 and 2, while acting under color of law, physically abused Plaintiff and engaged in the conduct described above, and thereby deprived Plaintiff of his civil rights under the Fourteenth Amendment to the United States Constitution.

40.     The force used by Deputy Valladolid, Deputy Brock, Deputy Lomas, and Does 1 and 2 upon Plaintiff, in particular, by forcing Plaintiff to the ground, kneeing him in the back, twisting his neck, and repeatedly striking him throughout his body while he did not resist the officers was harmful, unwanted, and excessive.

41.     The physical abuse of Plaintiff by Deputy Valladolid, Deputy Brock, Deputy Lomas, and Does 1 and 2, and these deputies' conduct as described above, were unreasonable, unjustified, and offensive to human dignity.

42.     The conduct of Deputy Valladolid, Deputy Brock, Deputy Lomas, and Does 1 and 2was willful, wanton, malicious, or done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and

1 punitive damages.

2     43.    As a result of the conduct of Deputy Valladolid, Deputy Brock, Deputy

3 Lomas, and Does 1 and 2, Plaintiff was harmed.

4 **FOURTH CLAIM FOR RELIEF**

5 **Municipal Liability –Unconstitutional Custom, Practice, or Policy**

6 **42 U.S.C. § 1983**

7 (Against County, KCSD, Youngblood, and Certain Does)

8     44.    Plaintiff incorporates by reference each and every allegation contained in

9 the foregoing paragraphs as if re-alleged herein.

10     45.    The individual defendants and Doe defendants acted under color of law

11 and within the course and scope of their employment by the County and KCSD.

12     46.    The individual defendants and Doe defendants deprived Plaintiff of his

13 rights under the First, Fourth, and Fourteenth Amendments, as alleged above.

14     47.    Plaintiff is informed and believes, and thereon alleges that, at all times

15 herein mentioned, defendants County, KCSD, the relevant policy maker, Youngblood,

16 and relevant County officials, unnamed certain Does (hereinafter referred to

17 collectively as the entity defendants) maintain or tolerate unconstitutional customs,

18 practices, and policies that facilitated the deprivation of Plaintiff's rights under the

19 First, Fourth, and Fourteenth Amendment, as alleged above, including the foreseeable

20 and preventable issue of KCSD deputies unnecessarily and over-aggressively asserting

21 their physical dominance over suspects, entering a suspect's home without probable

22 cause and without a warrant, and also, causing violence upon a criminal suspect who

23 posed no physical threat and offered no resistance to the KCSD deputies, and using

24 excessive force on a suspect, all despite having citizen complaints filed against these

25 individual deputies

26     48.    The policies, customs, and practices described above are also evidenced

27 by the victimization of Plaintiff by Deputy Valladolid, Deputy Brock, Deputy Lomas,

28 and Does 1 and 2, who Plaintiff alleges have a history of abuse of criminal suspect and

individuals under their physical control. Entity defendants knew this and did not adequately discipline, train, or restrain Deputy Valladolid, Deputy Brock, Deputy Lomas, and Does 1 and 2 from further abuse, which led to the harm of Plaintiff as alleged and described above.

49.    Entity defendants had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Said officials acted with deliberate indifference to the foreseeable effects and consequences of these policies, practices and customs with respect to the constitutional rights of Plaintiff and other suspects criminally situated.

50.    As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the aforementioned defendants, Plaintiff was injured and sustained damages as alleged above. Accordingly, Plaintiff seeks compensatory damages from all the entity defendants, and punitive damages from defendant McDonnell, in his individual capacity only.

## FIFTH CLAIM FOR RELIEF

### Municipal Liability –Inadequate Training/Policy of Inaction

### 42 U.S.C. § 1983

(Against County, KCSD, Youngblood and Certain Does)

51.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if re-alleged herein.

52.    At all times mentioned herein and prior thereto, the entity defendants had a duty to train, instruct, supervise and discipline their subordinates to assure they respected and did not violate constitutional and statutory rights of suspects and arrestees, and to discipline and re-train KCSD deputies involved in prior incidents of alleged physical abuse of suspects and arrestees.

53.    Plaintiff is informed and believes, and thereupon alleges, that prior to the incident alleged herein, defendants Youngblood and certain Does facilitated, permitted, ratified and/or condoned similar acts of abuse of criminal suspects, namely, entering a

suspect's home without probable cause and without a warrant, and also, causing

violence upon a criminal suspect who posed no physical threat and offered no

resistance to the KCSD deputies, and using excessive force on a suspect -- and were

deliberately indifferent to the health and safety of suspects in general and Plaintiff in

particular. Said defendants knew, or should have reasonably known, of this practice,

pattern or policy of constitutional violations, and additionally, of the existence of

certain facts and situations that created the potential of unconstitutional acts, and had a

duty to instruct, train, supervise and discipline their subordinates to prevent similar acts

to other persons, but failed to do so.

54.     The training provided by the County, KCSD and the relevant policy

maker, Youngblood, and relevant County officials, and certain Does was not adequate

to train their sheriff deputies to handle the usual and recurring situations with which

they must deal. The entity defendants did not adequately train their officers and staff to

prevent, deter, detect, and avoid physical abuse of suspects while in their own homes.

55.     The entity defendants maintained a policy and practice of inaction with

respect to the violation of policies designed to prevent or deter physical abuse of

criminal suspects. KCSD officers who engaged in suspicious behavior, or behavior that

violated written policy, were inadequately disciplined or otherwise not penalized in

connection with physical abuse of criminal suspects. The entity defendants were

deliberately indifferent to the obvious consequences of their failure to train their

officers and staff adequately.

56.     As a result thereof, Plaintiff's rights under the First, Fourth and

Fourteenth Amendments to the U.S. Constitution were violated. As a further result

thereof, Plaintiff sustained the injuries and damages alleged herein.

57.     The individual defendants and Doe defendants acted under color of law

and within the course and scope of their employment by the County and KCSD.

58.     As a direct and proximate result of the aforesaid acts, omissions, customs,

practices, policies and practice of inaction of the aforementioned defendants, Plaintiff

1  was injured and sustained damages as alleged above. Accordingly, Plaintiff seeks

2  compensatory damages from all the entity defendants

3  **SIXTH CLAIM FOR RELIEF**

4  **Failure to Intervene to Prevent Civil Rights Violations – 42 U.S.C. §§ 1983**

5  (Against All Individual Defendants and Certain Individual Doe Defendants)

6      59.   Plaintiff incorporates by reference each and every allegation contained in

7  the foregoing paragraphs as if re-alleged herein.

8      78.   At all times relevant, Deputy Valladolid, Deputy Brock, Deputy Lomas,

9  and certain individual Doe defendants were present and were charged with the

10  constitutional duties of protection of protection of Plaintiff and were charged with the

11  duty to not knowingly, with wanton disregard, cause their life, health and safety to be

12  placed in danger by intentionally and/or deliberately ignoring the known dangers to

13  Plaintiffs posed by these officers.

14      79.   Each said defendant had ample and reasonable sufficient time and

15  opportunity to so intervene and prevent Plaintiff's injuries, and were compelled to do

16  so as a KCSD deputy and/or employee under the laws of the United States

17  Constitution. In deliberate indifference to the welfare of Plaintiff, each said defendant

18  intentionally and with deliberate indifference to the civil rights of Plaintiff, refrained

19  from intervening in the acts leading to Plaintiff's injuries.

20      80.   As a result thereof, Plaintiff's rights under the First, Fourth, and

21  Fourteenth Amendments to the U.S. Constitution were violated. As a result thereof,

22  Plaintiff sustained the injuries and damages alleged herein.

23      81.   The conduct of Deputy Valladolid, Deputy Brock, Deputy Lomas, and

24  certain individual Doe defendants, and the certain individual Doe defendants

25  mentioned herein was intentional, malicious, willful, wanton and in reckless disregard

26  of Plaintiff's constitutional rights and/or grossly negligent in that this conduct shocks

27  the conscience and is fundamentally offensive to a civilized society, so as to justify the

28  imposition of punitive damages on the individual Doe defendants.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows against defendants:

      1.     General and compensatory damages in an amount according to proof;

      2.     Special damages in an amount according to proof;

      3.     Exemplary and punitive damages against each individual and Doe defendant, but not against the County or KCSD, in amounts according to proof;

      4.     Cost of suit, including attorney's fees, under 42 U.S.C. § 1988; and

      5.     Such other relief as may be warranted or as is just and proper.


**LAW OFFICES OF JUSTIN E. STERLING**

DATED:  May 16, 2018

By:    */s/ Justin E. Sterling*
        Justin E. Sterling
        Attorney for Plaintiff,
        RAUL RONQUILLO


**LAW OFFICES OF ERIN DARLING**

DATED:  May 16, 2018

        */s/ Erin Darling*
        Erin Darling
        Attorney for Plaintiff,
        RAUL RONQUILLO

**JURY DEMAND**

Plaintiff Raul Ronquillo hereby demands trial by jury on all issues so triable.

**LAW OFFICES OF JUSTIN E. STERLING**

DATED:  May 16, 2018

By:   */s/ Justin E. Sterling*

Justin E. Sterling
Attorney for Plaintiff,
RAUL RONQUILLO

LAW OFFICES OF ERIN DARLING

DATED:  May 16, 2018

*/s/ Erin Darling*

Erin Darling
Attorney for Plaintiff
RAUL RONQUILLO

15